UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In Re:  |
    **CLARENCE B. SIMPSON, IV**  |
      | Case No. 10-12897 PM
      | Chapter 13
      |
    Debtor  |

## TRUSTEE'S OBJECTION TO CONFIRMATION

Nancy Spencer Grigsby, Chapter 13 Trustee in the above-captioned case ("Trustee"), pursuant to section 1325, generally, of the Bankruptcy Code and Bankruptcy Rule 3015 (f) objects to confirmation of the Debtor(s) Chapter 13 plan. In support of her motion, the Trustee respectfully represents the following:

1. This Chapter 13 case was filed on February 15, 2010. The Debtor's Chapter 13 plan was filed February 15, 2010. The Plan calls for payments of $549.00 per month for 3 months and $1,092.00 per month for 57 months.

2. The Debtor(s) has failed to make the payments proposed under the Plan. At this time, two payments are due in the total amount of $1,098. The Trustee has received $549.00. Accordingly, the Debtor has not demonstrated that the Plan is feasible.

3. The Debtor(s) has failed to provide copies of current paystubs for himself as well as his girlfriend's. Accordingly, the Trustee cannot determine whether the Plan is feasible or whether all projected disposable income is dedicated to plan payments.

4. The Debtor(s) has failed to provide the Trustee with copies of his 2009 tax returns.

5. The Trustee requires that all non-exempt tax refunds be included in the plan funding.

6. Pursuant to discussions at the meeting of creditors, the Debtor was to amend schedules I and J to more accurately reflect Debtor's full time pay. To date, no such amendments have been filed. Accordingly, the Trustee can not determine whether the plan is feasible or whether all projected disposable income is dedicated to plan payments.

7. The Plan proposes to cure the pre-petition mortgage arrearage owed to Credit Union Mortgage. Transit Employees FCU filed a proof of claim but did not include the pre-petition mortgage arrears owed.

8. The pre-petition arrears owed to the Transit Employees FCU will determine if the Plan funding is sufficient to make the intended disbursements.

9. The Debtor(s) have failed to file a pre-confirmation certification pursuant to Administrative Order 06-01.

10. Given all of the above, the Trustee also questions whether the Debtor has demonstrated a sincere desire to reorganize his debts and has presented a chapter 13 Plan in good faith.

**WHEREFORE**, the Trustee cannot recommend confirmation of the Plan.

May 12, 2010                                    Respectfully submitted,


                                                **/s/Nancy Spencer Grigsby**
                                                Chapter 13 Trustee
                                                4201 Mitchellville Rd, Ste 401
                                                Bowie, Maryland 20716
                                                (301) 805-4700
                                                ngrigsby@ch13md.com
                                                mmclean@ch13md.com


CERTIFICATE OF SERVICE


I hereby certify that the Objection to Confirmation was served this 12th day of May 2010 electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court, and/or first class mail, postage prepaid to:


Clarence B. Simpson, IV
11704 Goodloe Road
Silver Spring, MD 20906

Jeffrey M. Sirody, Esquire
Sirody, Freiman & Feldman
1777 Reisterstown Road
Suite 360E
Baltimore, MD 21208


                                                **/s/Nancy Spencer Grigsby**
                                                Chapter 13 Trustee



S:\Objections to Confirmation\klh Obj to Conf Template.doc

Case 10-12897    Doc 19    Filed 05/12/10    Page 4 of 4